**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL EUGENE REID,
         Appellant,

      v.

DEPARTMENT OF THE TREASURY,
         Agency.

DOCKET NUMBER
CH-0752-18-0122-I-1

DATE: December 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Eugene Reid</u>, Indianapolis, Indiana, pro se.

<u>Daniel C Mullenix</u> and <u>Pamela Langston-Cox</u>, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective July 8, 2016, the agency removed the appellant from his position as a GS-06 Secretary with the Internal Revenue Service. Initial Appeal File (IAF), Tab 8 at 14. On December 11, 2017, the appellant filed a Board appeal challenging his removal. IAF, Tab 1. The administrative judge issued an order informing the appellant that his appeal appeared to be untimely filed and directing him to file evidence and argument to prove either that his appeal was timely filed or that good cause existed for his untimely filing. IAF, Tab 3. The appellant's response to the timeliness order was due on January 8, 2018; however, he did not file a response to the order. *Id.* at 1, 4. On January 17, 2018, the agency moved to dismiss the appeal as untimely filed without good cause shown. IAF, Tab 8. On January 22, 2018, the appellant filed a submission that did not address the timeliness issue.[2] IAF, Tab 9.

¶3        The administrative judge issued an initial decision dismissing the appeal. IAF, Tab 11, Initial Decision (ID). The administrative judge found that the appeal was untimely filed and that the appellant failed to establish good cause for his delay in filing. ID at 1-4. The appellant has filed a petition for review.

---

[2] The appellant's submission consisted of a memorandum dated March 20, 2012, and an email dated March 9, 2011. IAF, Tab 9.

Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the appellant's petition.[3]  PFR File, Tab 5.

## ANALYSIS

<u>The appellant's submission on review provides no basis for granting the petition for review.</u>

¶4     In support of his petition for review, the appellant has submitted a January 26, 2018 letter from agency counsel asking him whether he was seeking to settle this case.  PFR File, Tab 3.  The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed despite due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The Board ordinarily will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

---

[3] After the record closed on review, the appellant moved for permission to submit additional evidence.  PFR File, Tab 9.  In a letter acknowledging the appellant's motion, the Clerk of the Board advised him that the Board's regulations do not provide for such pleadings, and that, for the Board to consider the proffered submission, he must describe the nature and need for it, and also must show that the evidence was not readily available before the record closed.  PFR File, Tab 10; 5 C.F.R. § 1201.114(a)(5), (k).  The appellant is seeking to submit evidence pertaining to his prior Board appeals and other actions against his former employing agency, and he asserts that this evidence will demonstrate that his removal was the result of "a pattern of retaliation" by that agency.  PFR File, Tab 9.  The appellant also seeks to introduce congressional inquiries and "other federal documents specifically related to the egregious actions of the agency."  *Id.*  Not only has the appellant failed to show that this evidence was not readily available before the record closed, but his evidence, as described in his proffer, is also not relevant to the outcome of his petition for review, as it does not relate to the timeliness of his appeal.  Therefore, we DENY the appellant's motion to submit additional evidence.

¶5    Although the January 26, 2018 letter is new, in that it post-dates the close of the record below, it is not material to the issue on review, i.e., whether the administrative judge correctly dismissed this appeal as untimely filed without good cause shown for the filing delay. Therefore, it provides no basis to grant the appellant's petition for review. *See Russo*, 3 M.S.P.R. at 349.

The appellant's removal appeal is untimely.

¶6    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The appellant bears the burden of proving by a preponderance of the evidence that his appeal is timely. 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶7    The record shows that, on June 28, 2016, the appellant received the agency's decision to remove him, effective July 8, 2016. IAF, Tab 8 at 12. Thus, under the Board's regulations, the appellant was required to file his removal appeal on or before August 7, 2016, 30 days after the effective date of his removal. 5 C.F.R. § 1201.22(b)(1). The appellant did not file this appeal until December 11, 2017, more than 16 months after the filing deadline. IAF, Tab 1. Therefore, the administrative judge properly found that the appeal was untimely filed.

The appellant has not shown good cause for the filing delay.

¶8    If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and

whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to his inability to file a timely petition for appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9 Applying this standard, the administrative judge noted that the Board has found shorter filing delays significant.[4] ID at 3 (citing *Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (finding that a 33-day filing delay is significant)). The administrative judge also considered the appellant's pro se status, but found that his self-representation was not a reason for the delay, as he did not deny receiving the decision letter that notified him of deadline for filing a removal appeal with the Board. ID at 4. The administrative judge further found that the appellant did not present any evidence of unavoidable casualty or misfortune that caused the late filing. *Id.* Therefore, the administrative judge found that the appellant failed to establish good cause for his delay in filing. *Id.*

¶10 In his petition for review, the appellant does not address the timeliness of his removal appeal. PFR File, Tab 1. Instead, he argues that he had an excellent work record and was wrongfully terminated based on false allegations by his former employing agency. *Id.* He also appears to assert that the administrative judge erred in dismissing his appeal before the February 9, 2018 deadline for filing a response to the agency's January 26, 2018 letter inquiring about his interest in settling this appeal. *Id.* These arguments have no bearing on whether he had good cause for the untimely filing of his appeal, and he has offered no explanation for his delay in filing this appeal. Accordingly, we affirm the initial decision dismissing the appeal as untimely filed without good cause.

---

[4] Although the administrative judge mistakenly stated that the length of the filing delay in this case was 17 months, rather than 16 months, this error provides no reason for disturbing the initial decision because a 16-month delay is also significant. ID at 3.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.